**618**

Clara L. PERDUE, Executor
of the Lloyd O. Perdue
Estate, Appellant,

v.

BIC CORPORATION, Appellee,

and

The Farner Co., Incorporated,
Defendant.

No. 89–1366.

Supreme Court of Iowa.

June 19, 1991.

As Amended on Denial of Rehearing
July 11, 1991.

Robert T. White and William L. Moran of Murnane, Conlin, White, Brandt & Hoffman, St. Paul, Minn., and Hugh Cain of Duncan, Jones, Riley & Finley, P.C., Des Moines, for appellee.

John N. Moreland and Timothy J. McKay of McKay, Moreland & Webber, P.C., Ottumwa, for appellant.

Considered by HARRIS, P.J., and LARSON, SCHULTZ, NEUMAN and ANDREASEN, JJ.

PER CURIAM.

This wrongful death suit alleged that plaintiff's decedent suffered his fatal injuries when a Bic lighter exploded, setting fire to decedent's clothes. Defendant's theory was that the fire resulted from another cause.

Multitheories of liability were submitted for jury consideration. The jury found for the plaintiff, fixed damages at $90,000, and assigned fault at eighty percent to Bic and twenty percent to plaintiff's decedent. Bic's posttrial motions for a judgment n.o.v. and, alternatively, for a new trial were both sustained.

On transfer to the court of appeals that court ruled, two-to-one, that both Bic's posttrial motions should have been overruled. It ordered judgment to be entered for plaintiff in accordance with the verdicts. On further review we agree that judgment n.o.v. should not have been entered. We however determine that there should be no interference with the grant of a new trial.

The court of appeals believed a new trial should not have been granted under the reasoning stated by the trial court in its order conditionally granting it. The court of appeals conceded that we are slower to interfere with a grant than with a denial of a new trial. Iowa R.App.P. 14(f)(4).

DECISION OF COURT OF APPEALS VACATED; DISTRICT COURT JUDGMENT REVERSED AND REMANDED.